STATE OF NEBRASKA EX REL. NEBRASKA STATE BAR ASSOCIATION, RELATOR, V. ALEXANDER F. KOSELUK, RESPONDENT.
596 N.W.2d 315

Filed July 9, 1999.   No. S-98-1196.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, and McCORMACK, JJ.

PER CURIAM.

Respondent, Alexander F. Koseluk, was admitted to the practice of law in the State of Nebraska on February 1, 1985.

As a result of investigations by the Counsel for Discipline of the Nebraska State Bar Association pertaining to three client complaints and a letter of complaint from the Honorable Timothy J. Mahoney, Chief Judge of the U.S. Bankruptcy Court for the District of Nebraska, the Committee on Inquiry of the Second Disciplinary District filed an application for the temporary suspension of respondent from the practice of law on October 16, 1998. The investigation centered on a complaint received on May 20, 1998, from William Melhorn alleging neglect in connection with dissolution and bankruptcy matters; a complaint received on July 27, 1998, from Jill Bryant alleging neglect in connection with a dissolution matter; a complaint received on August 26, 1998, from Donald and Lori Herbolsheimer alleging neglect in connection with a bankruptcy matter; and a complaint received on October 7, 1998, from Chief Judge Mahoney alleging a pattern of neglect and violations of the U.S. Bankruptcy Code generally relating to the proper filing of petitions and filing fees.

An order to show cause was issued on October 21, 1998, to which respondent filed a response on November 12. An order suspending respondent from the practice of law until further order of the court was filed on November 18.

On June 23, 1999, respondent filed a "Voluntary Surrender of License" to practice law. Therein, respondent admits that the Counsel for Discipline of the Nebraska State Bar Association received letters of complaint on May 20, July 27, August 27 (referring to August 26), and October 7, 1998, generally alleging that respondent had neglected clients. Respondent further states that for the purpose of his voluntary surrender of license, he does not desire to contest the allegations of neglect.

Respondent admits that his conduct violated his oath of office as an attorney and Canon 1, DR 1-102(A)(5) and (6), and Canon 6, DR 6-101(A)(3), of the Code of Professional Responsibility. Respondent has freely and voluntarily consented to the entry of an order of disbarment and has waived his right to notice, appearance, or hearing prior to entry of such an order.

The court, having concluded there is a basis therefor, hereby accepts respondent's surrender of his license to practice law and orders him disbarred from the practice of law in the State of Nebraska, effective immediately. Respondent shall forthwith comply with Neb. Ct. R. of Discipline 16 (rev. 1996), and upon failure to do so, he shall be subject to punishment for contempt of this court.

JUDGMENT OF DISBARMENT.

MILLER-LERMAN, J., not participating.